UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GASPER V. DRAKE,

    Plaintiff,

vs.

Correctional Officers J. BERG and S. LAMPHERE,

    Defendants.

No. C 10-2217 PJH (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This is a civil rights case filed pro se by a state prisoner. Defendants have moved for summary judgment, plaintiff has opposed the motion, and defendants have filed a reply. The motion is ready for decision.

## BACKGROUND

Plaintiff alleges that he was attacked by two prisoners in a day room at Pelican Bay State Prison. Defendants Berg and Lamphere were in the control booth overseeing the day room. As plaintiff was defending himself from the attackers, Berg shot him with a foam projectile from "a 40mm launcher." It hit him in the left eye, causing serious damage. He also says that when he had fallen to the ground and was being kicked by his attackers, Lamphere shot him in the lower back with another foam projectile.

## DISCUSSION

**A.   Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**B.    Analysis**

   **1.    Excessive Force Standard**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). The core judicial inquiry when prison officials stand accused of using excessive force in violation of the Eighth Amendment is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

   **2.    Analysis**

Defendants have supported their motion with their own declarations plus that of their attorney authenticating materials from plaintiff's central file. Plaintiff has supported his opposition with six declarations, all of which are by him, and six exhibits. Exhibits A and B are medical records, exhibit C is a letter from an attorney at the Prison Law Office, exhibit D and E are incident reports by defendants Berg and Lamphere, and exhibit F is an incident report by Sergeant R. Berry, who responded to the alarm sounded by Berg and who is not

a defendant.

It is undisputed that plaintiff was attacked by two other inmates, that Berg sounded an audible alarm, that inmates know that when an audible alarm is sounded they must get down into a prone position, that the fight continued despite the alarm, that Berg and Lamphere each fired at least one "foam-baton" shot, and that plaintiff was seriously injured. Decl. Berg ¶ ¶ 6-9; Decl. Lamphere ¶ ¶ 4-5; Decl. Kenny at Ex. E; Decl. Drake at 2, 4-5, 15, 20.[1]  Plaintiff does dispute the claim by Berg and Lamphere that both yelled "get down" before firing.  Decl. Drake at 2, 5,15; Decl. Berg at ¶ 6; Decl. Lamphere at ¶ 4.  Plaintiff also contends that three shots were fired, rather than two.  Decl. Drake at 5; Decl. Berg at ¶ 7. In ruling on the motion the court will adopt plaintiff's position on these disputed facts. Plaintiff also disputes several other points, such as who started the fight, but those disputes clearly are not material.

In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.

As to the need for the application of force, at the time the fight broke out there were two officers supervising many (Berg says "up to forty-eight") inmates from the control booth. Decl. Berg at ¶ 2.  Obviously they could not safely physically engage with the combatants, and it is undisputed that prison policy is to stop fights immediately to keep the violence from spreading.  Plaintiff says that the two inmates who attacked him were Asian, and that he has "Afro-American features," which suggests the danger of racial unrest.  Decl. Drake at 5. Also, the audible alarm was sounded and all the inmates except those fighting got down;

---

[1] Because plaintiff's opposition consists largely of his six declarations, and they are not consecutively paginated, in citing to plaintiff's declarations the court has used the page numbers assigned to the opposition by the court's electronic docketing system.

3

therefore, further action was necessary to stop the fight. There was a need for application of force.

As to the relationship between that need and the amount of force used, the above discussion applies; given the situation, use of the foam-baton launchers was an appropriate amount of force. That a third shot was fired – being assumed here because there is a genuine dispute of fact about the number of shots – does provide a slight implication that the amount of force might have exceeded the minimum necessary. This factor therefore slightly favors plaintiff's position.

The extent of the injury from Berg's shot, a very serious eye injury to plaintiff that required emergency room treatment and surgery, favors plaintiff on his claim against Berg. The injury from Lamphere's shot, a cut on plaintiff's lower back, was much less serious.

As to the threat reasonably perceived by the responsible officials, it was, as discussed above, substantial and serious.

Finally, as to efforts made to temper the severity of a forceful response, both officers contend that they were aiming for the participants' lower torso, and that the impacts occurred where they did only because the participants were moving around as they fought. Plaintiff claims that Berg could not have been aiming at his lower torso, because her shot hit him in the eye, but given the exigency of the situation and the fact that the combatants were in motion, this is not enough in itself to create a genuine issue of material fact as to where Berg was aiming. The use of the foam-baton launchers also suggests an attempt to avoid even more serious injury. In addition, the defendants sounded an audible alarm that caused the other inmates to get down, leaving aside the disputed fact whether defendants also ordered "get down." The use of the alarm would have tempered the severity of the response if the fighting inmates had acted as they had been taught, by getting down.

The court has not simply added up the number of factors favoring plaintiff and those favoring defendants and concluded that the side with the most factors in favor is entitled to summary judgment. Rather, the court has weighed the considerations suggested in *Hudson* and concludes that the important and serious security needs involved here easily

4

outweigh any slight implication that the force used was excessive.  On the undisputed facts or, where disputed, plaintiff's version, the balance of the *Hudson* factors favors defendants. Defendants did not apply force maliciously and sadistically to cause harm.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (document number 7 on the docket) is **GRANTED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 27, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\DRAKE2217.MSJ.wpd